UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CASEY LEE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-2378-SHM-tmp |
| | ) | |
| TONY PARKER and JOHNNY FITZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE; GRANTING LEAVE TO AMEND; AND DENYING PENDING MOTIONS (ECF NOS. 12, 13 & 14)**

On June 4, 2021, Plaintiff Casey Lee Anderson, who is incarcerated at the West Tennessee State Penitentiary (the "WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel. (ECF Nos. 1, 2 & 3.) On September 1, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 10.) On February 10, 2022, the Court denied the motion for appointment of counsel. (ECF No. 11 ("the February 10 Order").) On March 7, 2022, Anderson filed a motion for substitution of parties. (ECF No. 12 (the "Substitution Motion").) On March 9, 2022, Anderson filed a motion for reconsideration of the February 10 Order. (ECF No. 13 (the "Reconsideration Motion").) On May 23, 2022, Anderson filed a motion for transfer pursuant to the Interstate Correction Compact. (ECF No. 14 (the "Transfer Motion") (the Substitution Motion, the Reconsideration Motion, and the Transfer Motion are referred to as the "Pending Motions").)

The complaint asserts claims of: (1) failure to protect; (2) inadequate prison grievance process; (3) denial of participation in a prison rehabilitation program; and (4) transfer to another

correctional facility. (ECF No. 1 at PageID 5-8.) The complaint names: (1) Tony Parker, Commissioner of the Tennessee Department of Correction (the "TDOC") and (2) Johnny Fitz, Warden of the WTSP, as Defendants in their individual capacities.[1] (*Id.* at PageID 4.) Anderson seeks a transfer to a prison outside the State of Tennessee for the remainder of Anderson's term of incarceration pursuant to the Interstate Correction Compact (the "Proposed Transfer"). (*Id.* at PageID 8.) Anderson seeks to "return to general population" so that he can participate in a prison rehabilitation program. (*Id.*)

The complaint and the Pending Motions are before the Court.

For the reasons explained below, the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety, and the Pending Motions (ECF Nos. 12, 13 & 14) are DENIED.

## I.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 .S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the

---

[1] The complaint does not assert § 1983 claims against the State of Tennessee. Anderson does not name the State of Tennessee as a Defendant, and he sues Parker and Fitz in their individual, not their official, capacities. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Anderson sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). As explained below, Anderson fails to sufficiently plead a claim to relief under § 1983.

III. **ANALYSIS**

   A. **Claim Of Failure To Protect**

Anderson alleges that gangs at the WTSP have "threatened and harassed" him because Anderson has "work[ed] with security to prevent assaults and drug overdoses, or possible escape attempts." (ECF No. 1 at PageID 6. Anderson alleges that "gang hits were put on Plaintiff for helping security recover cuff key [and] narcotics" (the "Gang Threats"). (*Id*. at PageID 5.) At the time Anderson filed the complaint, he was confined in administrative segregation at the WTSP "in connection with the gangs." (*Id*. at PageID 7.) Anderson "is in constant fear for his life," even in segregated housing. (*Id*. at PageID 6.) It is unclear from the complaint whether the conduct underlying the Gang Threats occurred at the WTSP or at the Northwest Correctional Complex (the "NWCX") in Tiptonville, Tennessee. (*See id*. at PageID 7.)

The Court construes Anderson's allegations about the Gang Threats as a claim of failure to protect.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of ... inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prison official is liable under the Eighth Amendment for failure to protect an inmate when: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer*, 511 U.S. at 834. For the objective prong, a plaintiff must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). For the subjective prong, a plaintiff must show that a prison official "kn[ew] of and disregard[ed]" that risk. *Farmer*, 511 U.S. at 837). *See also Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (a plaintiff seeking to assert an Eighth Amendment claim for failure to protect that plaintiff from

4

other inmates "must show that the prison officials acted with 'deliberate indifference' to a substantial risk [of] serious harm").

Anderson's complaint does not satisfy either prong of an Eighth Amendment claim of failure to protect.

Anderson vaguely alleges that the "security file shows and reflects numerous gang hits." (ECF No. 1 at PageID 5.) Anderson does not provide the dates the "hits" occurred, the persons who carried out the "hits," the conduct by which the "hits" occurred, or Anderson's injuries from the "hits," if any. Anderson's generalized allegation about being in "constant fear for [my] life," *see* ECF No. 1 at PageID 6, does not adequately allege facts demonstrating a "sufficiently serious" condition. *See Farmer*, 511 U.S. at 834.

Anderson does not allege facts demonstrating Parker's or Fitz's: (1) subjective knowledge of a substantial risk that gangs threatened, harassed, or assaulted Anderson; or (2) disregard of that alleged risk. Anderson's allegation that he "wrote numerous request[s] to Fitz and Parker requesting transfer due to these gang hits," *see* ECF No. 1 at PageID 5, does not, without more, establish a sufficiently culpable state of mind. The complaint does not describe the contents of the vaguely-referenced "requests," and Anderson does not allege that Parker and Fitz received the "requests."

Anderson's failure-to-protect claim against Parker and Fitz in their individual capacities is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### B. Claim Of Inadequate Prison Grievance Process

Anderson alleges that he grieved the Gang Threats to Parker and Fitz, without any response. (ECF No. 1 at PageID 5.)

"There is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Prisoners have a First Amendment

5

right to file grievances against prison officials, but they have no similar right to an investigation of their allegations. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (affirming that inmate did not state a claim that deputy warden "had failed to properly investigate his grievance"); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (affirming denial of inmate's claim that prison officials failed to investigate his grievances properly because there is no "federally protected liberty interest" in a certain resolution or investigation of grievances). Anderson does not have a constitutional right to an investigation of the alleged Gang Threats. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) ("There is no statutory or common law right, much less a constitutional right, to an investigation"). A § 1983 claim cannot be premised on contentions that a prison's grievance procedure was inadequate. *Id*.

The complaint's claim of inadequate prison grievance process is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### C. Claim Of Denial Of Participation In Prison Rehabilitation Program

Anderson alleges that gangs paid another inmate to "sabotage" Anderson's completion of the Residential Therapeutic Community Drug And Behavior Treatment Program (the "Program"). (ECF No. 1 at PageID 7.) It is not clear from the complaint how the allege "sabotage" occurred. Anderson alleges that his exclusion from the Program compromised his ability to "become fit to return to society and with the skills and mental development to be productive upon release." (*Id*.) The complaint suggests that Anderson is ineligible to participate in the Program while he is confined in segregated housing. (*Id*. at PageID 6 & 8.)

The deprivation of an ability to participate in prison rehabilitative programs does not violate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and

educational opportunities diminished marginally, . . . deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs").

Anderson's claim of denial of participation in the rehabilitation Program while incarcerated is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### D. Claim For Transfer To A Different Prison

Anderson seeks "transfer to a prison outside the State of Tennessee." (ECF No. 1 at PageID 8.) He does not allege that he suffered physical injury from the Gang Threats, but he alleges that there will be "eventual attempts to attempt to murder Plaintiff." (*Id*. at PageID 5.) Anderson alleges that he "is not safe anywhere inside the Tennessee Department of Correction." (*Id*.) Anderson does not allege facts that support his conclusory allegation of imminent danger.

"[A] federal court only has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger." *Neal v. Woosley*, No. 4:20-cv-P167-JHM, 2020 WL 7327313, at *4 (W.D. Ky. Dec. 11, 2020). Anderson's bare allegation that he "will be eventually murdered, or if lucky, just assaulted," *see* ECF No. 1 at PageID 8, does not suggest that he is in the imminent or grave danger that would permit the Court to order his transfer to a different facility.

Anderson's claim for transfer to a correctional facility that is not operated by the TDOC is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### E. Claims That Arose Before June 4, 2020

Anderson does not allege the dates on which the conduct underlying the complaint occurred. (*See* ECF No. 1 at PageID 5-8.)

7

To the extent one or more of the complaint's claims arose before May 23, 2020, those claims are time-barred by the one-year statute of limitations applicable to § 1983 claims in Tennessee. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); ECF No. 1 at PageID 9 (deemed filed on May 23, 2021); *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting the mailbox rule for federal *pro se* prisoner filings).)

IV.   **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave for Anderson to amend his complaint under the conditions set forth below. *See* Section VI, *infra*.

V.     **THE PENDING MOTIONS**

   A. **The Substitution Motion**

The Substitution Motion seeks to replace Parker as a named Defendant with TDOC Interim Commissioner Lisa Helton.  (ECF No. 12 at PageID 58 (alleging that "former Commissioner Tony Parker has retired from office.  Our new Commissioner is now Ms. Lisa Helton"); *see also* https://www.tn.gov/correction/about-us/interim-commissioner-lisa-helton.html ("News Release - Gov. Lee Appoints Lisa Helton As Tennessee Department Of Correction Interim Commissioner …")

Anderson sues Parker in his individual, not his official, capacity.  (*See* ECF No. 1 at PageID 4.) The complaint asserts factual allegations particular to Parker.  (*See id*. at PageID 5.)  The complaint alleges no facts about Helton.  For these reasons, the Substitution Motion (ECF No. 12) is DENIED.

   B. **The Reconsideration Motion**

The Reconsideration Motion asks the Court to "reconsider appointment of counsel" because Anderson contends that he "ha[s] no idea what I'm doing."  (ECF No. 13 at PageID 60; *see also* ECF No. 11 (February 10, 2022 Order Denying Motion To Appoint Counsel)).  The Court construes the Reconsideration Motion as an application under Fed. R. Civ. P. 60(b)(1) and (b)(6) for relief from an order.

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for one of several defined reasons, including mistake or inadvertence, newly discovered evidence, fraud, a defect in the judgment, or any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b)(1)–(6).  "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp*., 477 F.3d 368, 373 (6th Cir. 2007).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting

9

new explanations, legal theories, or proof. The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d. 499, 509 (6th Cir. 2014) (internal quotation marks and citations omitted). Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). Rule 60(b)(6) "provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Motions to reconsider ... are used sparingly and in rare circumstances." *In re Regions Morgan Keenan Sec., Derivative & ERISA Litig.*, Nos. 2:09-MD-2009-SHM, 12-2341, 2013 WL 2319271, at *2 (W.D. Tenn. May 28, 2013) (quoting *In re Southeastern Milk Antitrust Litig.*, No. 2:08-MD-1000, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011)). A court should not grant a motion to revise its prior ruling "in the vast majority of instances ...." *Id*. (quoting *White v. Hitachi Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)).

Anderson alleges no facts and makes no arguments in the Reconsideration Motion that persuade the Court to reconsider the February 10 Order. The Reconsideration Motion does not demonstrate "exceptional circumstances" to warrant appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). The Reconsideration Motion offers instead Anderson's opinions about: inmate violence (ECF No. 13 at PageID 61); public policy to reduce

recidivism (*id*.); alleged prison staff corruption (*id*. at PageID 62); the alleged "dark and sinister" nature of "our penal system" (*id*.); gangs in prisons (*id*. at PageID 62-63); "the system fail[ing] me my entire life" (*id*. at PageID 63); and the benefits of inmate rehabilitation programs (*id*. at PageID 63-64). Anderson's unspecified "disabilities" and his lack of legal training do not constitute exceptional circumstances for purposes of appointment of counsel. (*Id*. at PageID 60 & 64). *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy Howard's lack of legal training by appointing counsel as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06).

The Reconsideration Motion does not allege facts or make arguments demonstrating that the February 10 Order was erroneous. The February 10 Order's denial of appointment of counsel was not based on an error of law. The Reconsideration Motion (ECF No. 13) is DENIED.

C. **The Transfer Motion**

The Transfer Motion asks the Court to "order [ICC] transfer [of Anderson] for safekeeping." (ECF No. 14 at PageID 70.) The relief Anderson seeks is not available.

1. Anderson alleges that gangs have tampered with his food trays, poisoned Anderson twice "with [an] unknown substance, possibly fentanyl," and may poison Anderson "in the future." (*Id*.) Anderson's vague statements do not allege sufficient facts demonstrating a "rare and extreme situation where an inmate's life is in imminent or grave danger." *See Neal*, 2020 WL 7327313, at *4; *see also* Section III.D., *supra*. A federal court cannot order the transfer of a state prisoner to a different correctional facility without a demonstration of extreme circumstances that place an inmate in danger of serious harm or death.

2. Anderson's reliance on the Interstate Corrections Compact (the "ICC") does not alter this result. The Court cannot order Anderson's transfer to a different prison under the ICC.

Under the ICC, party states "cooperat[e] [in] … provid[ing] … adequate programs for the confinement, treatment and rehabilitation of various types of offenders, … thereby serving the best interests of such offenders and of society and effecting economies in capital expenditures and operational costs ..." Tenn. Code Ann. § 41-23-102, Art. 1.  Before transferring an inmate pursuant to the ICC, the TDOC Commissioner "shall give notice of the proposed transfer to the district attorney general of the judicial district in which the inmate was convicted."  Tenn. Code Ann. § 41-23-104.  Nothing in the record suggests that Parker gave notice of a proposed transfer of Anderson to the attorney general for the Western District of Tennessee (the "D.A.").  In the absence of notice to the D.A., "[t]he commissioner … shall not proceed with [a] proposed [inmate] transfer."  *See id*.  Nothing in the ICC allows a Federal Court to override the ICC's provisions to effect an inmate transfer.

For these reasons, the Transfer Motion (ECF No. 14) is DENIED.

## VI.   CONCLUSION

For the reasons set forth above:

(1)  The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2);

(2)   Leave to amend is GRANTED.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Anderson's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Anderson must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support

each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count; and

(3)     The Pending Motions (ECF Nos. 12, 13 & 14) are DENIED.

IT IS SO ORDERED, this 5th day of August, 2022.

          /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE