UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


| | | |
|---|---|---|
| CASEY LEE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-cv-2378-SHM-tmp |
| | ) | |
| TONY PARKER and JOHNNY FITZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 41(b);
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING ANDERSON OF APPELLATE FILING FEE; AND
RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE PURSUANT TO
28 U.S.C. § 1915(g)**

On June 4, 2021, Plaintiff Casey Lee Anderson filed a *pro se* complaint pursuant to 42

U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel.

(ECF Nos. 1, 2 & 3.)  When Anderson filed the complaint, he was incarcerated at the West

Tennessee State Penitentiary (the "WTSP") in Henning, Tennessee.  (ECF No. 1 at PageID 2.)  On

September 1, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil

filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").

(ECF No. 10 (the "IFP Order").)  The IFP Order stated that, *inter alia*, "[i]f Plaintiff is transferred

to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of

his change of address.  If still confined, he shall provide the officials at the new facility with a copy

of this order.  If Plaintiff fails to abide by these or any other requirements of this order, the Court

may impose appropriate sanctions, up to and including dismissal of this action, without any

additional notice or hearing by the Court." (*Id*. at PageID 54.)  Anderson has not notified the Clerk

of Court that Anderson has ever been transferred from the WTSP to a different facility.  On August

5, 2022, the Court dismissed the complaint without prejudice, granted leave to amend, and denied

all pending motions (ECF Nos. 12, 13 & 14).  (ECF No. 15 (the "Screening Order").)

Over fourteen (14) months have passed since entry of the Screening Order.  Anderson has

not filed amended claims, and he has not sought an extension of time to do so.

Given that Anderson has failed to comply with the Screening Order and has failed to

prosecute this case, the Court DISMISSES this case with prejudice in its entirety for the reasons

discussed in the Screening Order.  *See also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute

or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b)

and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or

failure to join a party under Rule 19 -- operates as an adjudication on the merits"); *Schafer v. City

of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b)

"confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute

the claim or to comply with the Rules or any order of the Court") (citing *Knoll v. AT&T*, 176 F.3d

359, 362–63 (6th Cir. 1999)).  Judgment will be entered in accordance with the Screening Order.

For § 1915(g) analysis of Anderson's future filings, if any, the Court recommends that the

dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996

F.3d 350 (6th Cir. 2021).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is

CERTIFIED that any appeal in this matter by Andersons would not be taken in good faith.  If

Anderson nevertheless chooses to file a notice of appeal, Anderson must either (1) pay the entire

five hundred and five dollar ($505.00) appellate filing fee or, if Anderson is confined at that time,

(2) submit a new *in forma pauperis* affidavit and a current, certified copy of Anderson's inmate

trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED, this 16th  day of October, 2023.


*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE